## ELIAS MARSON *vs.* JAMES PLUMMER.

64    315
f103   136

*Replevin defeated for want of title.*

The plaintiff owning the wagon replevied, swapped it with one Cunningham for another wagon and fifty dollars. The wagon he received was taken from him upon a replevin writ by one who claimed a superior title to Cunningham's and the fifty dollars boot money not having been repaid, was trusteed in the plaintiff's hands by professed creditors of Cunningham; but neither of these suits was shown ever to have been entered in court: *held,* that the title to the wagon now replevied by the plaintiff had passed from him to Cunningham, and that nothing in the facts proved as above stated justified the maintenance of this action.

ON EXCEPTIONS.

REPLEVIN of a wagon. The defendant pleaded the general issue with a brief statement, denying the plaintiff's title, possession, or right of possession, at the time the writ was brought, June 3, 1872, and alleging the same then to be in Jason M. Carleton. It seemed by the plaintiff's testimony that he once owned the new wagon this writ was brought to recover, and in May, 1872, swapped it with Weston Cunningham for another wagon and fifty dollars in money. The wagon was not then delivered because it was

at the paint shop, but delivery was to be made within two weeks. This was not done, because the old wagon, received by Marson from Cunningham in exchange for the one now in suit, was taken from Marson's possession upon a replevin writ, of which fact he informed Cunningham and also that he (Marson) had been summoned as Cunningham's trustee on account of the fifty dollars received by Marson as aforesaid. Finding the wagon now in controversy in the defendant's trimming shop, the plaintiff brought this action to recover it. The old wagon was taken from the plaintiff upon a writ in favor of one Savage, who, being called by the plaintiff, swore that he traded with one Austin Cunningham for this old wagon in exchange for a horse; that Weston Cunningham subsequently came to Savage's stable and said the wagon was stolen from him and took it away, unharnessing it from the horse to which it was attached. A warrant issued against Austin Cunningham and after a trial upon it in the police court, the witness, Savage, sued out his replevin writ to regain possession of the wagon which had then passed into Marson's hands by virtue of his trade with Weston Cunningham. It was admitted that his writ was never entered in court, and there was no evidence that the writ by which Marson was trusteed was ever returned anywhere. The cross-examination was evidently conducted upon the theory that these suits were fictitious and collusive. The presiding justice directed a nonsuit, and the plaintiff excepted.

*A. C. Stilphen* for the plaintiff.

*Joseph Baker, J. M. Carleton* and *H. K. Choate* for the defendant.

DICKERSON, J. The plaintiff was the owner of the wagon replevied in this suit, and exchanged it with one Cunningham for another wagon and fifty dollars. He received both the wagon and the money when the trade was made, and agreed to deliver his wagon to Cunningham in two weeks. Before the expiration of that time the wagon the plaintiff received in exchange for his, was replevied, and the plaintiff was trusteed. The case does not

show that the plaintiff defended either of those suits, or that either of them was ever entered, and prosecuted to final judgment. When the plaintiff brought this action the wagon had been removed from the shop where it was when the exchange was effected, to the defendant's shop. Upon this state of facts the presiding justice, on motion of the defendant, ordered a nonsuit to which order the plaintiff excepted. The plea is the general issue, with a brief statement of property in another, and denying the plaintiff's possession.

The title to the wagon in suit and the right of possession passed from the plaintiff to Cunningham before this action was brought, and therefore this action cannot be maintained.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.